**LONG HANG YOU, aka Lung Hang You, Long You, Kuan Yuan Huang, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.[1]**

**No. 08–0075–ag.**

United States Court of Appeals, Second Circuit.

Feb. 6, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Feng Li, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Long Hang You, a citizen of the People's Republic of China, seeks review of a December 17, 2007 order of the BIA affirming the February 15, 2006 decision of Immigration Judge ("IJ") Sandy Hom denying You's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Long Hang You*, No. A 98 560 097 (B.I.A. Dec. 17, 2007), *aff'g* No. 98 560 097 (Immig. Ct. N.Y. City, Feb. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

▪ As an initial matter, although You claimed in his asylum application that he feared persecution in China based on his illegal departure, the IJ did not address this claim in his decision and You did not raise it in his appeal to the BIA or in his brief to this Court. Accordingly, his asylum claim based on his illegal departure from China is deemed abandoned and we do not further address it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision in-

cluding the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400–01 (2d Cir.2005).

 We find that the agency's adverse credibility determination was supported by substantial evidence. The IJ properly based his adverse credibility determination on his findings that: (1) You's testimony and his father's letter were inconsistent regarding the date of his father's alleged arrest; (2) You's testimony regarding his knowledge of Falun Gong was inconsistent with his statements at his airport interview; and (4) there was a discrepancy between his testimony and his statement at his airport interview regarding the passport he used to depart China.[2] The IJ also reasonably found implausible You's claim that he was able to obtain a notarial birth certificate during the time when he asserted that the Chinese authorities were seeking to arrest him. *See Wensheng Yan v. Mukasey,* 509 F.3d 63, 67 (2d Cir.2007) (providing that where "the reasons for [the IJ's] incredulity are evident," the implausibility finding will be considered to be "supported by substantial evidence").

While not all of these findings were central to You's claim that he fears persecution for being a Falun Gong practitioner, because the REAL ID Act applies to You's applications for relief, the IJ properly relied on these findings where they indicate that You was not credible under the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (holding that under the REAL ID Act, an IJ is not required to base an adverse credibility determination on findings that are material to the applicant's claim, but "may rely on *any* inconsistency or omission ... as long as the 'totality of the circumstances' establishes that [the] applicant is not credible" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). Further, although You was given the opportunity to explain the discrepancies present in his claim, the IJ reasonably rejected his explanations. *Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). Moreover, the IJ did not err in finding that You's failure to submit evidence corroborating his claim rendered him unable to rehabilitate testimony that had already been cast in doubt. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Accordingly, the IJ properly found that You failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT, where each of his claims was based upon the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for

---

**2.** Contrary to You's argument in his brief to this Court, the record of his airport interview provides a "sufficiently accurate record" of his statements "to merit consideration in determining whether [he] is credible." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004); *see also Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir.2006).